THE OSKALOOSA AGRICULTURAL WORKS v. PARKHURST.

1. **Corporation:** SUBSCRIPTION TO STOCK: EVIDENCE. In an action upon a subscription to the capital stock of a corporation, where a certain subscription shown by the secretary's books appeared, from the original subscription paper, introduced in evidence, to have been made conditionally, and there was no evidence that it had ever become absolute under the conditions, it was held that it should not be considered in determining whether sufficient stock had been subscribed to authorize the commencement of the corporation under the provisions of its articles of incorporation.

*Appeal from Mahaska Circuit Court.*

THURSDAY, SEPTEMBER 23.

THIS action was brought before a justice of the peace to recover upon the subscription of defendant to the capital stock of plaintiff, and judgment was rendered for plaintiff. Upon appeal to the Circuit Court a trial was had to the court without a jury and judgment was rendered for defendant. Plaintiff appeals to this court.

*John F. Lacey* and *F. M. Davenport*, for appellant.

*Lafferty & Johnson* and *Bolton & McCoy*, for appellee.

BECK, J.—I. The defendant is a subscriber to the capital stock of plaintiff. The defendant, among other defenses, 1. CORPORA- alleges that the plaintiff was never legally organ-
TION: sub-
scription to ized, and that the amount of the capital stock
stock: evi-
dence. which the articles of incorporation require shall

be subscribed before the corporation shall begin its corporate existence, and commence business, was never subscribed, and that a large part of the stock subscribed was fraudulent. The articles of incorporation provide that "the corporation shall commence as soon as $20,000 shall have been subscribed."

The judge of the Circuit Court certifies that the cause involves the determination of the following questions, which we are required to decide:

"1. Can plaintiff recover without showing that $20,000 of bona fide stock had been subscribed prior to the commencement of this suit?

"2. Was the secretary's book admissible in evidence to show how much stock had been subscribed, and if so, was such evidence alone sufficient proof thereof?

"3. Should what purports to be the subscription of H. A. Howe be counted as a valid subscription, there being no evidence that there was such a person, or that he had made the subscription, except that a letter had been received purporting to have been written and signed by a person of that name?

"4. Whether subscriptions of parties who were at the time insolvent, and known to be insolvent by the parties taking them, should be counted to make up the $20,000?

"5. Should subscriptions made after the suit was commenced be so counted?"

II. Upon the first question there is no dispute. Counsel for plaintiff admits that, to authorize plaintiff to recover, it must show $20,000 of *bona fide* subscriptions to its stock.

III. Upon the first part of the second question there seems to be no dispute. The book of the secretary, we understand from the record, was admitted in evidence. Whether it was considered by the court in determining the amount of stock we need not inquire, for reasons that will soon appear.

IV. Whether the secretary's book was "sufficient proof," depends upon whether there was contradictory testimony. It was evidence as to the amount of stock subscribed, but not

conclusive. There was other evidence in the case bearing upon the question of the amount of stock subscribed. Among such evidence was the original subscription lists, or at least one of them. This showed that a subscription of $3,000 was not absolute, but conditional. There was no evidence to show that this subscription became absolute under the conditions upon which it rested. It cannot, therefore, be regarded as an absolute subscription. Upon this testimony the court was authorized to find, and certainly such finding would not be without the support of the testimony, that $20,000 of capital stock had not been subscribed, because, after deducting the $3,000 from the amount appearing on the books, as claimed by plaintiff, $20,000 did not remain. If the secretary's book was considered by the court, there was other evidence sufficiently supporting the judgment, and if not, it was error without prejudice, for the book could not overcome the original subscription lists subscribed by the stockholders themselves.

V. The 3d, 4th and 5th questions need not be answered for the reason that, if all the subscriptions referred to in these questions be considered as genuine and counted, the total amount is $20,525. The court below, as we have seen, could well have deducted from these the $3,000 conditional subsciption, leaving but $17,525, a sum less than the amount of capital stock necessary for the commencement of plaintiff's corporate existence. The 3d, 4th and 5th questions submitted to us we need not consider, for the reason, whatever answer we should give, the judgment would not be disturbed thereby.

No other questions are presented in the case. The judgment of the Circuit Court must be .

AFFIRMED.

SEEVERS, J., took no part in the decision of this case.